### SEIBERT CYLINDER OIL-CUP CO. *v.* THE WILLIAM POWELL CO.

*(Circuit Court, S. D. Ohio, W. D.*    May 4, 1889.)

**1. PATENTS FOR INVENTIONS—LICENSES—CONSTRUCTION.**
     The Seibert Oil-Cup Company, as owner of certain patents, including patent No. 138,243, granted to John Gates, and the Detroit Lubricator Company entered into an agreement that neither should sue the other or its agents under any of the patents then or thereafter to be owned by it, and that neither should imitate the styles or shapes of lubricators made by the other, and that in consideration of the payment of certain royalties by the Detroit Company the Seibert Company would not prosecute the Detroit Company, its agents or vendees, for any infringement of the Nicholas Seibert patent, which was owned by the Seibert Company, and which it alleged the Detroit Company had been and was infringing. *Held,* that the contract did not give the Detroit Company an exclusive license to use the Gates patent.

**2. SAME—ACTION FOR INFRINGEMENT—EVIDENCE.**
     In an action by the Seibert Company against a licensee of the Detroit Company for an infringement of the Gates patent, a contract by which the Seibert Company had released certain purchasers from the Detroit Company from all claims on account of their use of lubricators, to which contract neither the Detroit Company nor the licensee defendant was a party, is inadmissible.

In Equity. Action for infringement of patent.
*Edmund Wetmore, J. H. Raymond,* and *Peck & Rector,* for complainant.
*George J. Murray,* for defendant.

SAGE, J. The complainant sues as assignee for infringement of patent No. 138,243, granted to John Gates, 29th of April, 1873, for improvements in lubricators for steam-engines. The validity of the patent, although denied in the answer, is not contested. The lubricators manufactured and sold by the defendant contain the complainant's in-

vention. The defense rests solely upon the following facts: December 1, 1883, the complainant and the Detroit Lubricator Company (which was the owner of patents claimed to anticipate complainant's) entered into a contract that neither party should sue the other, or directly or indirectly authorize suit against the other, or its agents or vendees, under any of the patents then or thereafter to be owned by it; that neither should imitate the styles or shapes of lubricators made by the other; and that, whereas the Seibert Company was the owner, in whole or in part, of certain letters patent granted to Nicholas Seibert for improvements in lubricators, and the Seibert Company claimed, and the Detroit Company denied, that the Detroit Company had infringed and was infringing the same, the Detroit Company should thereafter pay royalties, as specified in the agreement, to the Seibert Company, so long as the Seibert Company should perform its covenants and stipulations, and during the life of the agreement, which was to continue in force until the expiration of the Seibert patents; and in consideration thereof the Seibert Company agreed not to molest the Detroit Company, its agents or vendees, by suit or otherwise, for any alleged infringements of said Nicholas Seibert patents, outside of the New England states. The Seibert Company also agreed not to authorize the use of the Nicholas Seibert patents outside of the New England states, except as above. This agreement amounted to a license to the Detroit Company, and it included the Gates patent. *Oil-Cup Co.* v. *Lubricator Co.*, 34 Fed. Rep. 216. The defendant is a licensee of the Detroit Lubricator Company. The license, upon its face, is limited to patents owned by that company. The lubricators manufactured by the defendant, although different in style and shape from that shown and described in the Gates patent, and from those made by the Seibert Company, are nevertheless infringements of the Gates patent. The contract of December 1, 1883, does not grant to the Detroit Company an exclusive license for the manufacture or use of the Gates patent. That feature of the contract appears only in the stipulations relating to the Nicholas Seibert patents. This conclusion disposes of the entire defense. The contract in evidence between the Seibert Company and the Western Railroad Association cannot avail the defendant. The Detroit Company and the defendant are alike strangers to it. It is only an agreement by the Seibert Company to release upon terms the railroad companies composing the association from any and all claims on account of their use of lubricators purchased from the Detroit Company or from its successors, assigns, agents, or licensees. This view of the case renders it unnecessary to consider whether the contract of December 1, 1883, between the Seibert Company and the Detroit Company has been rescinded. A decree will be entered for the complainant, for an injunction and account.